KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile: (310) 846-5801

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT
## OF CALIFORNIA

-------------------------------------------------------X

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC., and
ZION ROOTSWEAR, LLC,


                        Plaintiffs,

MLTD, INC., ODD SOX, LLC, AHMAD
AKAR, RAVENLITE, LLC d/b/a SSUR,
LAWRENCE KSIDO,  RUSLAN KARABLIN
a/k/a RUSS KARABLIN, BLACK
MARKET USA, LONG TRAN, MONEY
MATTERS NYC, INC., EDWARD
GRAYVER, FOURTH DTSA d/b/a
FOURTHONLINE.COM, CHRIS
NGO, THIRD ESTATE, LLC d/b/a DOPE
CLOTHING and MATTHEW FIELDS,

                        Defendants.
-------------------------------------------------------X

CIVIL ACTION NO.


**COMPLAINT FOR
TRADEMARK AND
RIGHT OF PUBLICITY
INFRINGEMENT AND
UNFAIR COMPETITION**

1

## JURISDICTION AND VENUE

1.     Plaintiff     BRAVADO     INTERNATIONAL     GROUP
MERCHANDISING SERVICES, INC. ("Bravado") is a corporation duly
organized under the laws of the State of California with a place of business in Los
Angeles, California. Plaintiff ZION ROOTSWEAR, LLC ("Zion") is a limited
liability corporation duly organized under the laws of the State of Florida with a
place of business in Los Angeles, California.

2.     Upon information and belief, at all relevant times herein, Defendants
MLTD, INC., ODD SOX, LLC, AHMAD AKAR, RAVENLITE, LLC d/b/a
SSUR, LAWRENCE KSIDO,  RUSLAN KARABLIN a/k/a RUSS KARABLIN,
BLACK MARKET USA, LONG TRAN, MONEY MATTERS NYC, INC.,
EDWARD  GRAYVER,  FOURTH  DTSA  d/b/a  FOURTHONLINE.COM,
CHRIS  NGO,  THIRD  ESTATE,  LLC  d/b/a/  DOPE  CLOTHING  and
MATTHEW FIELDS have transacted business in and/or have committed their
infringing activities alleged below in the Central District of California, knowing
that said activities would affect Bravado, a California corporation, and would
have an effect in the Central District of California.  Upon information and belief,
Defendants Ahmad Akar, Lawrence Ksdio, Ruslan Karablin a/k/a Russ Karablin,
Edward Grayer, Long Tran, Chris Ngo and Matthew Fields authorized, directed
and participated in the infringement alleged herein.

3.     This action arises under the Lanham Trademark Act (15 U.S.C. §
1051 *et seq.*). This Court has jurisdiction over this action under 28 U.S.C. § 1331,
28 U.S.C. § 1338(a) and 15 U.S.C. § 1125(a).  This Court also has supplemental
jurisdiction over the Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth and

Tenth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

**PARTIES**

4.      The Rolling Stones, Ramones, Kanye West, Tupac Shakur, Black Sabbath, Guns N' Roses and Bob Marley (the "Musical Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all areas of the entertainment industry to distinguish themselves from other professional entertainers.

5.      Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and likenesses of the Musical Performers throughout the United States pursuant to agreements between Bravado and the Musical Performers that grant to Bravado the exclusive right to sell products bearing the Musical Performers' names, trademarks and likenesses, as well as the right to protect those names, trademarks and likenesses through litigation.  Zion has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the name, trade name, trademark, logo and likeness of Bob Marley and marks owned by or relating to Bob Marley, including but not limited to Burnin', Tuff, Buffalo Soldier, Zion and Concrete Jungle (collectively referred to as the "Marley Marks"), throughout the United States and has been granted the exclusive right to sell products bearing the Bob Marley name, trademark, likeness and the Marley Marks, as well as the right to protect those names, trademarks, likenesses and Marley Marks through litigation.

6.     Defendants are or were distributing, advertising and selling unauthorized shirts and other items embodying the names, trademarks and likenesses of the Musical Performers, or the Marley Marks (collectively the "Infringing Merchandise"), and using the names, trademarks and likenesses to sell and distribute products throughout the United States by various means of interstate transport and delivery in violation of the rights of Plaintiffs and the Musical Performers under the Lanham Act.

## BACKGROUND

7.     Each of the Musical Performers has achieved nationwide fame and notoriety.

8.     Since the dates set forth below, the Musical Performers have identified themselves with each party's respective name and trademark. Separately or in conjunction with the likenesses of the Musical Performers, the Musical Performers' trademarks distinguish merchandise relating to the Musical Performers.

| **Trademark** | **Trademark Used By Musical Performer As Early As Following Date** |
| --- | --- |
| The Rolling Stones Tongue Logo | 1972 |
| Ramones | 1976 |
| Black Sabbath | 1969 |
| Guns N' Roses | 1984 |
| Bob Marley | 1976 |
| Tupac Shakur | 1996 |

4

| Kanye West | 2002 |
| TUFF | 2010 |
| Burnin' | 2007 |
| Buffalo Solider | 1983 |
| Zion | 1973 |
| Concrete Jungle | 1978 |

9.      Each of the Musical Performers has sold and has licensed sales of tens of thousands of dollars' worth of merchandise bearing each party's respective name, trademark and likeness.  Defendants' sale of the Infringing Merchandise is and will be without permission or authority of Plaintiffs or any of the Musical Performers.

10.      Defendants' unlawful activity causes irreparable harm and injury to Plaintiffs and the Musical Performers in that, among other things, it deprives Plaintiffs and the Musical Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of merchandise; wrongfully trades upon and cashes in on the Musical Performers' reputations, commercial value and exclusive rights; and it irreparably harms and injures the reputations of Plaintiffs and the Musical Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U. S. C. § 1125(a)

11.      Plaintiffs repeat and reallege paragraphs 1 through 10 of this Complaint as if fully set forth herein.

5

12.     This cause arises under 15 U.S.C. § 1125(a) relating to trademarks, trade names and unfair competition and involves false designations in commerce.

13.     The names, trademarks and likenesses of the Musical Performers as well as other trademarks owned by the Musical Performers, including the Rolling Stones tongue logo and Guns N' Roses skeleton and bullet logos, (collectively, the "Musical Performers' Marks") and the Marley Marks have been used to identify the respective Musical Performers, in connection with the Musical Performers' performing services, and in the production and sale of various types of products throughout the United States.  As a result, the Musical Performers' Marks and the Marley Marks have developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

14.     Defendants have advertised, manufactured and sold Infringing Merchandise containing and using the names, trademarks and likenesses of the Musical Performers and the Marley Marks, or marks confusingly similar thereto. By misappropriating and using the Musical Performers' Marks and the Marley Marks in advertising and on goods that Defendants have sold, Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15.     Defendants' advertisement, distribution, manufacture and sale of the Infringing Merchandise has infringed and will continue to infringe upon and dilute the trademarks, names and likenesses of the Musical Performers.

16.     Defendants' advertisement, manufactured and sale of the Infringing Merchandise will damage and dilute the good will generated by each of the Musical Performers and the reputation that each of the Musical Performers has developed in connection with the sale of legitimate, authorized and high-quality merchandise.

17.     Defendants' unlawful merchandising activities are without permission or authority of Plaintiffs or any of the Musical Performers and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by Plaintiffs or the Musical Performers.

18.     Defendants' infringing acts are willful violations of 15 U.S.C. § 1125(a) because Defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause the Infringing Merchandise to enter interstate commerce.

19.     Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

20.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

21.     Plaintiffs repeat and reallege paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

7

22.    Each Musical Performer is a celebrated musical performer with proprietary interests in, *inter alia*, the use in public of the performer's name and likeness.

23.    Defendants have sold, manufactured and distributed Infringing Merchandise bearing the names and likenesses of the Musical Performers and have used the Musical Performers' names and likenesses in advertising for Defendants' goods.

24.    Neither Plaintiffs nor any of the Musical Performers, nor any party acting on behalf of Plaintiffs or any of the Musical Performers, have consented to Defendants' use of the Musical Performers' names and likenesses in advertising or commerce.

25.    Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and likenesses of the Musical Performers on Infringing Merchandise and in advertising for any goods for their commercial benefit and without the consent of Plaintiffs or the Musical Performers.

26.    As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner of publicity for the Musical Performers' special talents.

27.    Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

28.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition

29.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

30.     The marks used on the Infringing Merchandise are identical to the Musical Performers' Marks and Defendants' use thereof is likely to, and is certainly intended to, cause confusion to purchasers.

31.     Defendants, by misappropriating and using the Musical Performers' Marks, have utilized unfair means to usurp the good will and distinctive attributes of the Musical Performers' Marks.

32.     Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33.     Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

34.   As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity

35.   Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36.   Defendants' unauthorized use of the Musical Performers' names and likenesses violates the Musical Performers' common law rights of publicity.

37.   Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

38.   As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Trademark Dilution Under 15 U.S.C. § 1125(c)

39.   Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

40.   By virtue of the Musical Performers' long and continuous use of the Musical Performers' Marks in interstate commerce, the Musical Performers'

Marks are famous within the meaning of 15 U.S.C. 1125(c). As such, the Musical Performers' Marks are protected against dilution by 15 U.S.C. 1125(c).

41.     Defendants' use of the Musical Performers' Marks in commerce has diluted and continues to dilute the distinctive quality of the Musical Performers' Marks in violation of 15 U.S.C. 1125(c).

42.     Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

43.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

44.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38 and 40 through 43 of this Complaint as if fully set forth herein.

45.     Tupac Shakur was a celebrated musical performer with proprietary interests in, *inter alia*, the use in public of his name and likeness. Tupac Shakur died on September 2, 1996. On September 27, 2004, Amaru Entertainment, Inc. ("Amaru") registered a claim pursuant to California Civil Code Section 3344.1. Amaru granted Bravado the exclusive right to use Tupac Shakur's name and likeness in relation to merchandise.

46.     Defendants have sold, manufactured and distributed Infringing Merchandise bearing Tupac Shakur's name and likeness and have used Tupac Shakur's name and likeness in advertising for Defendants' merchandise.

47.     Neither Bravado nor any party acting on behalf of Bravado has consented to Defendants' use of Tupac Shakur's name and likeness in advertising or commerce.

48.     Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting Tupac Shakur's name and likeness on Infringing Merchandise and in advertising, for their commercial benefit and without the consent of Bravado.

49.     As a result of their infringing activities, Defendants have deprived Bravado of the right to control the time, place, terms and manner of publicity for Tupac Shakur's special talents.

50.     Bravado has no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

51.     As a result of Defendants' activities, Bravado has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of Washington Code Section 63.60.010 *et seq.*

52.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43 and 45 through 51 of this Complaint as if fully set forth herein.

53.     Each Musical Performer is a celebrated musical performer with proprietary interests in, *inter alia*, the use in public of the performer's name and likeness.

54.     Defendants have sold, manufactured and distributed or caused the sale, manufacture and distribution of Infringing Merchandise bearing the names and likenesses of the Musical Performers in the State of Washington and have used the Musical Performers' names and likenesses in advertising for Defendants' merchandise in the State of Washington.

55.     Neither Plaintiffs nor any of the Musical Performers, nor any party acting on behalf of Plaintiffs or any of the Musical Performers, have consented to Defendants' use of the Musical Performers' names and likenesses in advertising or commerce.

56.     Defendants have violated Washington Code Section 63.60.010 *et seq.* by appropriating, using and exploiting the names and likenesses of the Musical Performers on Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused Infringing Merchandise to be distributed and/or transported into Washington and/or by advertising said

products for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

57.     As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner of publicity for the Musical Performers' special talents.

58.     Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

59.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

60.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51 and 53 through 59 of this Complaint as if fully set forth herein.

61.     Bob Marley was a celebrated musical performer with proprietary interests in, *inter alia*, the use in public of his name and likeness.  Bob Marley died on May 11, 1981.  On April 19, 1990, Bob Marley Music, Inc. ("Bob Marley Music") registered a claim pursuant to California Civil Code Section

3344.1.  Bob Marley Music granted Zion the exclusive right to use Bob Marley's name and likeness in relation to merchandise.

62.    Defendants have sold, manufactured and distributed Infringing Merchandise bearing Bob Marley's name and likeness and have used Bob Marley's name and likeness in advertising for Defendants' merchandise.

63.    Neither Zion nor any party acting on behalf of Zion has consented to Defendants' use of Bob Marley's name and likeness in advertising or commerce.

64.    Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting Bob Marley's name and likeness on Infringing Merchandise and in advertising, for their commercial benefit and without the consent of Zion.

65.    As a result of their infringing activities, Defendants have deprived Zion of the right to control the time, place, terms and manner of publicity for Bob Marley's special talents.

66.    Zion has no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

67.    As a result of Defendants' activities, Zion has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A NINTH CAUSE OF ACTION
### Violation of Texas Property Code Section 26.003 *et seq.*

68.    Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51, 53 through 59 and 61 through 67 of this Complaint as if fully set forth herein.

69.    Each Musical Performer is a celebrated musical performer with proprietary interests in, *inter alia*, the use in public of the performer's name and likeness.

70.    Defendants have sold, manufactured and distributed or caused the sale, manufacture and distribution of Infringing Merchandise bearing the names and likenesses of the Musical Performers in the State of Texas and have used the Musical Performers' names and likenesses in advertising for Defendants' merchandise in the State of Texas.

71.    Neither Plaintiffs nor any of the Musical Performers, nor any party acting on behalf of Plaintiffs or any of the Musical Performers, have consented to Defendants' use of the Musical Performers' names and likenesses in advertising or commerce.

72.    Defendants have violated Texas Property Code Section 26.003 *et seq.* by appropriating, using and exploiting the names and likenesses of the Musical Performers on Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused the Infringing Merchandise to be distributed and/or transported into Texas and/or by advertising said products for

their commercial benefit without the consent of Plaintiffs or the Musical Performers.

73.    As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner of publicity for the Musical Performers' special talents.

74.    Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

75.    As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A TENTH CAUSE OF ACTION
### Violation of Section 540.08 of the Florida Statutes

76.    Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51, 53 through 59, 61 through 67 and 69 through 75 of this Complaint as if fully set forth herein.

77.    Each Musical Performer is a celebrated musical performer with proprietary interests in, *inter alia*, the use in public of the performer's name and likeness.

78.     Defendants have sold, manufactured and distributed or caused the sale, manufacture and distribution of Infringing Merchandise bearing the names and likenesses of the Musical Performers in the State of Florida and have used the Musical Performers' names and likenesses in advertising for Defendants' merchandise in the State of Florida.

79.     Neither Plaintiffs nor any of the Musical Performers, nor any party acting on behalf of Plaintiffs or any of the Musical Performers, have consented to Defendants' use of the Musical Performers' names and likenesses in advertising or commerce.

80.     Defendants have violated Section 540.08 of the Florida Statutes by appropriating, using and exploiting the names and likenesses of the Musical Performers on Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused the Infringing Merchandise to be distributed and/or transported into Florida and/or by advertising said products for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

81.     As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner of publicity for the Musical Performers' special talents.

82.     Plaintiffs and the Musical Performers have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury.

83.    As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A.    A Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the Marley Marks or the name, trademark or likeness of any of the Musical Performers, or anything confusingly similar thereto, or any mark or designation that would cause consumers to believe that Defendants' merchandise was sponsored or authorized by Plaintiffs or any of the Musical Performers;

B.    A Permanent Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the Marley Marks or the name, trademark or likeness of any of the Musical Performers, or anything confusingly similar thereto, or any mark or designation that would cause consumers to believe that Defendants' merchandise was sponsored or authorized by Plaintiffs or any of the Musical Performers;

C.    Three times each Defendant's profits or three times the damages suffered by Plaintiffs and the Musical Performers, whichever is greater, as well as reasonable attorneys' fees and costs under the First and Fifth Causes of Action;

D.      Each Defendant's profits or the damages suffered by Plaintiffs and the Musical Performers, or statutory damages of no less than $750.00 for each name or likeness that each Defendant used on each different product or in advertising, in additional to punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and 3344.1 and under the Second, Sixth and Eighth Causes of Action;

E.       Each Defendant's profits or the damages suffered by Plaintiffs and the Musical Performers, whichever is greater, in addition to punitive damages under the Third and Fourth Causes of Action;

F.      Statutory damages of $2,000,000.00 pursuant to 17 U.S.C. § 1117(c) for each of the trademarks that each Defendant used in connection with the sale of counterfeit merchandise;

G.      Each Defendant's profits or the damages suffered by Plaintiffs and the Musical Performers, or statutory damages of no less than $1,500.00 for each name or likeness that each Defendant used on each different product or in advertising in Washington, in addition to punitive damages and attorneys' fees pursuant to Washington Code Section 63.60.060 and under the Seventh Cause of Action;

H.      Each Defendant's profits or the damages suffered by Plaintiffs and the Musical Performers, or statutory damages of no less than $2,500.00 for each name or likeness that each Defendant used on each different product or in advertising in Texas, in addition to punitive damages and attorneys' fees pursuant

to Texas Property Code Section 26.013(a)(1) and under the Ninth Cause of Action;

I.      An award of pre- and post-judgment interest on the foregoing sums; and

J.      Such other and further relief that this Court deems to be just and proper.

Dated:  May 31, 2017                    Respectfully submitted,
        Culver City, CA

                                        By: s/Kenneth A. Feinswog
                                            KENNETH A. FEINSWOG
                                            Attorney for Plaintiffs
                                            400 Corporate Pointe, Suite 300
                                            Culver City, CA 90230
                                            Telephone: (310) 846-5800
                                            Facsimile:  (310)-846-5801